JUANA AYALA MONTALVO, Plaintiff and Appellant, *v.* JOSÉ M. MIRANDA ET AL., Defendants and Appellees.

No. 5811.   Argued June 14, 1932.—Decided July 29, 1932.

*E. Báez García* for appellant.   *J. Alemañy Sosa* for appellees.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an action brought by Juana Ayala Montalvo against José M. Miranda to annul a summary foreclosure proceeding.  It is alleged in the complaint that the demand for payment made by the marshal in the foreclosure proceeding is null and void because it was not made as ordered by the court, since payment was not requested from defendants Rosa Cumpiano and Juana Ayala, the marshal having on his own initiative and assuming for himself powers which did not belong to him, demanded payment from other persons, without the creditor having so requested, nor the court having so ordered, nor in compliance with any requirement of the Mortgage Law or its Regulations.  It is also alleged that the notices (*edictos*) prescribed by law in such cases were not published.  From the record it appears that the mortgaged property, consisting of a lot and house, is located on Miraflor Street of the city of Mayagüez.  After the demand was made, the court ordered the sale of the property,

which was subsequently awarded to José M. Miranda, the plaintiff in the foreclosure proceeding, for the sum of $740.51.

The court had ordered the marshal to demand payment from defendants Rosa Cumpiano and Juana Ayala Montalvo, and in his return the marshal states that defendants had left the district of Mayagüez and he was not informed where they had gone, and that he then demanded payment from Nicolás Cancela who was the person in charge of the property as tenant thereof, and also from the Mayor of Mayagüez, Mr. Juan Rullán, for them in turn to notify the demand for payment to defendants.

Defendants demurred to the complaint on the ground that it did not state sufficient facts to constitute a cause of action, and after a hearing on the demurrer, the lower court sustained the same and rendered judgment dismissing the complaint and imposing costs on the plaintiff. The latter then appealed from said judgment, and assigned two errors. It is maintained that the court erred in deciding that the marshal did not need a new order of the court to demand payment from the person in charge of the property. It is also urged that the court erred in deciding that it was not necessary to publish the demand for payment because there was a person in possession as tenant of the property.

The complaint shows that Juana Ayala resided permanently in the city of Mayagüez until a few weeks before the foreclosure proceeding was instituted, when she removed temporarily to the town of Las Piedras, within the judicial district of Humacao. It is also alleged that defendant returned occasionally to Mayagüez to visit relatives and to attend to her interests, receiving from Nicolás Cancela, the tenant of the house, the rent pertaining to the house and lot in question of which she was the owner, all of which was known to the then plaintiff and now defendant herein, as well as to the other defendant, Mr. Cornelio de Santiago.

Although the allegation is made that Juana Ayala Montalvo visited occasionally the city of Mayagüez, the place of

her residence is not stated, nor is it alleged that she retained her residence there. According to the second paragraph of section 128 of the Mortgage Law, payment is to be demanded from the debtor if he resides in the place where the property is located and if his domicile be known; otherwise it shall be sufficient to make demand upon the person who may be in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner of the demand. So that although the debtor reside in the place where the property is located, if his domicile is unknown, demand for payment must be made on the person in charge of the property in any legal capacity. The debtor may reside in a place distinct from that where the property is located. Plaintiff alleges that she. was living temporarily in Las Piedras and that plaintiff in the foreclosure proceeding was aware of this fact. The allegations of the complaint do not show that defendant had a permanent residence in Mayagüez and that her domicile was known. The mortgaged house was leased to Nicolás Cancela. We do not know whether plaintiff lived in said house or in any other place before leaving Mayagüez. If she lived in said house, it is clear that she did not reside in it from the moment she leased it. As it does not appear that plaintiff Juana Ayala Montalvo resided in Mayagüez in a fixed place, it can not be said that payment could be demanded from her during her visits to said city, because if she lacked a residence it can not be presumed that it could be known where she was in order to demand payment from her. We say this, moreover, because if the domicile was not known, the demand for payment made to the tenant, who was the person in charge of the property, was justified.

In the case of *Román* v. *Rivera* (*ante,* p. 512), recently decided by this Court, it was alleged in the complaint, whereby it was sought to annul a summary foreclosure proceeding, that the defendant in said proceeding resided in the district of San Juan in a house adjoining the mortgaged property. In the petition requesting the issuance of the demand for

payment the residence of the defendant was determined, and it was proved that he had his habitual and permanent residence in Loíza Street in Santurce. It was also proved that no demand for payment was made either on the defendant personally or on any other person in charge of the property in some legal capacity. In the instant case it is not stated where Juana Ayala Montalvo had her domicile, but it is alleged that she resided temporarily in Las Piedras. We think that the lower court did not err in deciding that the complaint did not state facts sufficient to constitute a cause of action. It was not necessary for the marshal to obtain a new order to make the demand on the person in charge of the property in the capacity of tenant, nor was it necessary to publish any notice (*edicto*), for according to the Mortgage Law and its Regulations, when the debtor does not reside where the property is located, or when residing there his domicile is not known, payment must be demanded from the person in charge of the property in any legal capacity whatsoever, in order that he may inform the owner.

The judgment appealed from must be affirmed.